## INSURABLE INTEREST OF CORPORATION IN LIVES OF ITS DIRECTORS.

Common Pleas Court of Hamilton County.

THE J. M. SCHOTT & SONS CO. v. SECURITY MUTUAL LIFE INSURANCE CO. ET AL. *

Decided, April 30, 1908.

*Corporations—Without Insurable Interest in Lives of Directors, When —Recovery of Premiums Paid—Functions of Directors—Acts of Directors Binding only Within the Scope of Their Authority— Separate and Individual Action of No Effect—Presumption as to Knowledge of Life Insurance Agent as to Insurable Interest—Rebates upon Premium.*

1. A corporate act can not be performed by directors of the corporation acting separately or individually, but must be exercised by joint action as a board;  and things done by directors acting separately will be treated as of no effect, unless it appear that innocent persons dealing with them in good faith have been misled thereby.
2. A corporation has no insurable interest in the lives of members of its board of directors who are not indebted to it;  and where individual directors insure their lives for the benefit of the corporation if it is still in existence at the time of their deaths or at the end of twenty years, otherwise the proceeds of the policies to go to their own executors or administrators, the premiums to be paid out of the treasury of the company, their action is void.
3. A life insurance agent will be presumed to know that a corporation has no insurable interest in the lives of its directors, and an action will lie against the company for cancellation of the policies and recovery of the premiums paid.

Five of the directors of the J. M. Schott & Sons Company insured their lives in the Security Mutual Life Insurance Company, for the benefit of the corporation if in existence when death should occur or at the end of twenty years, otherwise payable to the executors or administrators of the persons whose lives were insured.  The premium was to be paid by the company. and

---

* Affirmed by the Circuit Court, *Security Mutual Life Insurance Co. v. the J. M. Schott & Sons Co.*, 11 C. C.—N. S., 401.

was so paid for the first two years by the company's notes. This was done without the knowledge of the president of the corporation, who held a majority of its stock, and without the knowledge of the other stockholders, and it was not done at a meeting of either the directors or the stockholders.

The John M. Schott & Sons Co. was incorporated to manufacture general cooperage. The evidence showed that the persons insured were not indebted to the company, and were not under any pecuniary obligation whatever to the company. The stockholders and directors of the company are all members of the family of its founder, the late John M. Schott, and consist of his wife, his daughters and his sons. Four sons whose lives were insured were actually engaged in the management of the business of the corporation, and had been so engaged with their father and for the corporation for a great number of years. Only one directors' meeting a year is usually held and the entire management and control of the business has been, by common consent, delegated to Christian Schott, who is the secretary and general manager of the company. The policies were for $5,000 each and were written for the benefit of the John M. Schott & Sons Company.

The action was to enjoin A. Wolfsohn, one of the defendants, an agent of the Security Insurance Company, from negotiating a note of the John M. Schott & Sons Company, executed by Christian Schott, secretary and manager, which had been given to said Wolfsohn in payment for the premiums for two years on said policies. The petition prayed in the alternative that if said Wolfsohn had already negotiated said note to a *bona fide* purchaser for value without knowledge, then the plaintiff might recover the amount of said note from the said insurance company.

Upon this state of facts the court made the following findings and holdings:

BROMWELL, J.

First. The board of directors of a corporation is its agent for carrying on the business for which said corporation was created.

Second.    The articles of incorporation prescribed, among other things, the purpose for which the company is incorporated.

Third.    Neither the company, nor its agents or board of directors acting in its behalf, has authority to transact any business or to do any act in relation thereto except such as are authorized in its charter or are reasonably necessary and proper for the performance of its authorized business.

Fourth.    A company authorized to carry on a general cooperage business would have no authority to use its funds for the purpose of mere speculation in life insurance, nor to take out insurance upon the life of any person where it has no insurable interest therein.

Fifth.    While there might be cases where it would be proper for a corporation to procure and maintain insurance upon the life of one or more of its directors (as, for instance, where the said director is indebted to the company and the insurance so taken is for the purpose of securing said indebtedness), the evidence in the present case shows no such relation of any of the directors to the company as would authorize it to take out such insurance or attempt to create an insurable interest on behalf of the company in the life or lives of any of its directors.

Sixth.    Within the scope of their authority the directors acting as a board bind the company by their acts; outside of the scope of their authority such acts are void except where the right of innocent persons dealing in good faith with said board of directors are involved.

Seventh.    Except for the transaction of minor and usual details of the business of the company, any important action outside of its regular and everyday business should be first authorized by the board of directors, and their action thereon be noted on the minutes of the board and made a matter of record.

Eight.    The separate and individual action of one or more, even all, of said directors is not the action of the board and will be of no effect unless subsequently ratified at a meeting of the board.

Ninth.    In the present case, the business of the company was cooperage, the making and selling of barrels, etc.; none of its directors was indebted to it; the business itself is solvent; there

is no evidence to show that upon the death of any of its directors or his removal or withdrawal from the business it would suffer any serious or lasting detriment thereby. Under these circumstances the taking out of insurance on the lives of its five directors was not necessary for the carrying on of its authorized business, nor was it a necessary or proper incident thereto.

Tenth. The action of said individual directors in causing their lives to be insured and giving the note of the company to pay the premium on the policies issued was never authorized or ratified by them as a board, and did not bind the company unless by such action innocent parties' dealing with them in good faith were misled.

Eleventh. The evidence shows in this case that the agent for the insurance company, knowing the character of the business transacted by plaintiff, himself first suggested and urged the taking out of said insurance, citing the cases of others who had taken insurance for the benefit of the business in which they were engaged, and held out to said directors the probability of a large profit to the company by such investment of its funds. It may be presumed from the evidence that said agent knew as a matter of law that the plaintiff had no insurable interest in the lives of said directors, and that the giving of the note of said company was without consideration.

Twelfth. Said insurance agent must also have known as a matter of law, from the terms of the policies issued, that a fraud was being perpetrated on the other stockholders of said company whose lives were not similarly insured, by reason of the fact that the company was to pay the premiums on said policies, thus using money partly belonging to said other stockholders who would reap no benefit therefrom in case the company went out of existence within the period of twenty years, and that said insurance at the end of that time would be payable to the estate or estates of the five insured stockholders and would be of no benefit to any of the others.

I conclude, therefore, that the directors had no authority to take out said policies; that plaintiff had no insurable interest in the lives of the insured; that the note given for premium was

without consideration; and that the agent of the insurance company knew these facts and the law in relation thereto.

I am also of the opinion that the statements made by said insurance agent in soliciting said insurance were misleading and intended to deceive the insured, and did deceive them as to the fund deposited with the Insurance Department of New York for the protection of the policies issued by. said company, and that this deception was one of the inducements which led said directors to take out said insurance, so that even if said directors should have had authority to bind the company by any such action, if the same had been free from deceit or misrepresentation, said company would under the circumstances of this case be entitled to demand a rescission of the contract, the cancellation of the policies and a refunder of the amount of the premium paid by. it.

As to the alleged misrepresentation in regard to the probable large increase in value of said policies by the end of the term, there is some evidence to the effect that said policies might, under exceptional circumstances, work out as represented, but the preponderance of the evidence would go to show that such statements were not likely to be verified by actual results. As there may be some question, however, whether such statements of future results may not have been a mere expression of opinion, we do not take them into consideration.

Nor do we take into consideration the claim that there was a violation of the law in the matter of allowing rebates upon the premium, and that the plaintiff was in *pari delicto* with defendant. Looking upon the act of the individual directors in taking out the insurance as being unauthorized and not binding on the company, we can not say that the latter was at fault by reason of any transactions involving a rebate of the premium.

Judgment will be given to plaintiff to recover the amount paid by it on its note discounted by the Brighton German Bank Co. with interest and costs, upon the surrender by plaintiff to the defendant, the Security Mutual Life Insurance Co., of the said policies for cancellation.